UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GUY CHEMICAL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-MC-016 RLM |
| | ) | |
| ROMACO AG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case is actually pending before the U.S. District Court for the Western District of Pennsylvania. This matter comes before this Court based on a discovery dispute in that case, which is premised upon a subpoena issued by this Court. Romaco Inc. (Romaco), a defendant in the original action, seeks to compel production of documents from a non-party, ABRO Industries, Inc. (ABRO). This Court may rule on this matter pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**I.    BACKGROUND**

In the original case, Guy Chemical Company, Inc., (Guy Chemical) claims that Romaco *et al.* committed a breach of contract. As part of its damages, Guy Chemical claims the loss of business from third parties. Romaco now seeks discovery that establishes the extent of damages Guy Chemical suffered for lost business. ABRO is a non-party and a customer of Guy Chemical. Romaco subpoenaed records from ABRO to learn how much of ABRO's business Guy Chemical has lost.

On March 19, 2007, Romaco served its subpoena on the President of ABRO, requesting routine business documents. Specifically, Romaco sought correspondences, orders, cancelled

orders, or orders that could not be filled between Guy Chemical and ABRO. Apparently, most of this information is stored electronically by ABRO. ABRO informed Romaco that it uses an outside computer firm to handle its electronic data, and ABRO told Romaco that it would have to determine how to search for the records. ABRO estimated the cost for production to be between $5,000 and $10,000. Eventually, ABRO listed the final cost for searching and producing the records Romaco seeks as $7,200.

ABRO does not object to the material sought but does object to the cost of production. ABRO wants Romaco to pay for the cost of production. Romaco objects and argues that ABRO is being unreasonable by requiring payment for the cost of production as a condition precedent to production. Therefore, this Court needs to resolve the question of who will pay for the costs of production.

## II. ANALYSIS

Under Fed. R. Civ. P. 45(d):

> a person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery . . . the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.[1] . . . The court may specify conditions for the discovery.

ABRO has indicated that it stores everything electronically and that it is a complex task to search and locate specific documents. The cost was approximately $7,000 to search for and produce the requested discovery, which is a substantial amount of money for production of documents and

---

[1] Fed. R. Civ. P. 45(d) applies because 1) ABRO is a non-party who is responding to a motion compel arising from a subpoena and 2) Romaco seeks information that ABRO stores electronically.

records. The amount of money required for ABRO to search and locate the discovery Romaco requests indicates to this Court that the information is not reasonably accessible absent undue burden.

However, this Court also finds that Romaco has shown good cause for the materials. There is likely no other location where Romaco could turn to acquire the requested discovery, and the discovery is crucial to Romaco's lawsuit with Guy Chemical concerning the important issue of damages. Therefore, the importance and need for this discovery for Romaco is very high, and as a result, ABRO must provide the discovery. But ABRO does not really contest this need. Their objection is to the cost of production.

The only remaining issue, then, is which party is to pay for the cost of production. Generally, there is a presumption that the responding party must bear the expense of complying with discovery requests. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978); Wiginton v. C.B. Richard Ellis, Inc., 229 F.R.D. 568, 571-72 (N.D. Ill. 2004); Hagemeyer N. Am. Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 600 (E.D. Wis. 2004). However, the presumption is not always controlling. A number of district courts have dealt with electronic discovery and shifting costs to produce documents stored in an electronic medium. See generally Hagemeyer N. Am. Inc., 222 F.R.D. at 601-03; Zubulake v. UBS Warburg LLC, 217 F.R.D. 309 (S.D. N.Y. 2003); Rowe Entm't, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421 (S.D.N.Y 2002.); Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000); see also Bahar Shariati, Zubulake v. UBS Warburg: Evidence that the Federal Rules of Civil Procedure Provide the Means for Determining Cost Allocation in Electronic Discovery Disputes, 49 VILL. L. REV. 393 (2004). Those courts that have tread this path before have

considered a number of factors including how narrowly tailored the request is, cost, availability of the information, importance of the issues at stake, and the benefits to the parties to name a few. This Court has discretion in determining the appropriate remedy, and finds it unnecessary to engage in such an analysis. See Fed. R. Civ. P. 45(d) ("The court may specify the conditions for the discovery.").

The most crucial factor to this Court is the fact that ABRO is a non-party. Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. United States v. Amerigroup Ill., Inc., 2005 WL 3111972 at 4 (N.D. Ill. 2005) (citations omitted). It is clear that discovery in the hands of a non-party is subject to discovery under the Federal Rules. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45; Seattle Times Co. V. Rhineheart, 467 U.S. 20, 25 (1984). But that does not mean non-parties must yield discovery that causes undue burdens, as evidenced by the protections in the Federal Rules. See Fed. R. Civ. P. 26(b),(c); Fed. R. Civ. P. 45(d). Non-parties understandably object to paying the litigation costs of other parties. See Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Simply put, it is not ABRO's lawsuit and they should not have to pay for the costs associated with someone else's dispute. Not only is it fundamentally unfair for non-parties to bear the significant litigations costs of others, but also if this Court were to allow litigating parties like Romaco to impose such a burden on non-parties, then the likelihood of cooperation by non-parties in the future would be placed in jeopardy.

Now, if Romaco could establish that ABRO's burden is in fact *de minimis*, then ABRO may have to bear its own costs of production. But, Romaco has failed to establish that. In fact, Romaco only alleges that the documents are ordinary business documents. That, however, does not mean that searching for and producing every day business documents is not an expensive task, especially if ABRO has thousands of such documents and many customers. In short, Romaco has failed to persuade this Court that the costs of production are *de minimis*.

In sum, Romaco's request imposes an undue burden and cost upon ABRO, and because ABRO is a non-party, Romaco must pay for the discovery it seeks. Therefore, Romaco's motion to compel is **GRANTED** [Doc. No. 3] on the condition that Romaco reimburse ABRO for all costs of production.[2]

**SO ORDERED.**

Dated this 22nd Day of May, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

---

[2] ABRO also asks for attorney's fees that it has incurred because it had to respond to Romaco's motion to compel. However, issues of electronic discovery and who bears the cost of production of such discovery is a novel issue. The Federal Rules were only recently amended in December of 2006, and little case law exists on the issue, especially with regards to non-parties. Therefore, this Court finds it is not appropriate to award ABRO attorney's fees for having to respond to Romaco's motion to compel.